## FERNÁNDEZ v. THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of San Juan.

No. 5.—Decided May 19, 1905.

RECORDED TITLE.—Where any title conveying the ownership or possession of real property or of property rights upon the same is recorded or entered in the registry of property as a cautionary measure, no other title of the same or a previous date can be recorded whereby the ownership of the same realty or property right is conveyed or encumbered.

ID.—ENTRY IN FAVOR OF A PERSON OTHER THAN THE ONE WHO EXECUTED THE DEED OF CONVEYANCE OR ENCUMBRANCE.—Where the ownership or possession of real property or property rights therein appears on record in favor of a person other than the one who executes the deed of conveyance or encumbrance of the same is sought to be recorded, registrars will refuse to admit the same to record on their own responsibility.

### STATEMENT OF THE CASE.

A hearing was had of this appeal taken on behalf of Clemente Fernández y Barreto, from a decision of the registrar of property of this city refusing to record a deed of purchase and sale of a rural estate.

By a public deed executed in the town of Carolina before the Notary Mauricio Guerra Mondragón y Megías on July 9, 1899, Carmen Aponte, a widow, of legal age and a property owner and resident of Trujillo Alto, sold to Clemente Fernández y Barreto, a property-owner and a resident of Carolina, a farm consisting of 144 *cuerdas,* situated in the *barrio* of Dos Bocas, within the municipality of Trujillo Alto, which she had recorded in her favor in the registry of property of this city, and said deed having been presented at the registry for admission to record on February 4 last, the same was refused by the registrar for the reasons set forth in the memorandum decision entered at the end thereof, of which the following is an axact copy:

"Admission to record of the foregoing document is refused, under articles 17 and 20 of the Mortgage Law, because it appears from the registry that one-half of the eight-elevenths of the estate transferred is recorded in favor of José Mateo, Ramón, Pedro, Matías, Julio, Isabel and Dolores Díaz y Aponte; one-eleventh part of the same estate each in favor of José Máximo and Juan Díaz y Aponte, the right of possession of the remaining eleventh part thereof being entered in favor of Joaquín Díaz y Aponte, all heirs of Carmen Aponte; and one-half of the eight first-mentioned eleventh parts in favor of Frank Antonsanti by purchase from the eight heirs mentioned at the beginning of this memorandum decision, all of them being persons other than the vendor, Carmen Aponte. A cautionary notice has been entered on folio 103, reverse, volume 39, of Trujillo Alto, estate 146, entry letter A, to have effect within 120 days from the date hereof. San Juan, Porto Rico, February 24, 1905. José Benedicto, Registrar."

Notice of the foregoing memorandum decision having been served upon the person presenting the document, he took exception to the same and requested that said document be forwarded to this Supreme Court for decision, which was done by the registrar with a letter of transmittal.

CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court as follows:

According to articles 17 and 20 of the Mortgage Law, cited by the registrar in his memorandum decision, "after any instrument transferring the ownership or possession of realty, or of property rights therein, has been recorded or a cautionary notice thereof made in the registry, no other instrument of the same or of a prior date may be recorded or entered, by which the ownership of the same estate or property right is transferred or encumbered," and if said interest is recorded in favor of a person other than the one executing the transfer or encumbrance, registrars shall refuse the requested record under their responsibility; wherefore the refusal of the registrar to record the instrument in question is in strict conformity with said legal provisions.

The memorandum decision refusing admission to record, entered by the registrar of property of this city at the end of of the document referred to in this appeal, is affirmed, and said document is ordered to be returned to him together with a certified copy of the present decision for his information and that due effect may be given thereto in accordance with the law.

Justices Hernández, Figueras, MacLeary and Wolf concurred.